UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 2:16-cr-96-FtM-99MRM

DOMINIQUE ALEXANDER DAVIS

### **ORDER**[1]

This matter comes before the Court on Defendant Dominique Alexander Davis' Motion to Dismiss Because the Sex Offender Registration and Notification Act Did Not Require Him to Update His Registration in Florida or, in the Alternative, for Improper Venue (Doc. #17; Doc. #25) filed on October 7, 2016.  Ten days later, the Government filed a response to Defendant's motion.  (Doc. #22).  With the Court's leave, Defendant filed a reply to the Government's response on October 20, 2016.  (Doc. #23; Doc. #25).  This matter is ripe for review.

### BACKGROUND

Four years ago, Defendant was convicted of lewd and lascivious molestation in Florida state court.  (Doc. #1).  Because of that conviction, federal law required him to register as a sex offender.  Although he registered in Florida, he moved to Oklahoma in July 2016 and allegedly failed to register there.  As a result, a federal grand jury in Fort Myers, Florida indicted Defendant for knowingly failing to register and update his

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

registration as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq*. (Doc. #1 at ¶ 4). Pertinent here, the Indictment reads:

> [p]rior to July 24, 2016, defendant resided in Lee County, Middle District of Florida. On or about July 24, 2016, defendant left his residence in Lee County, Florida and traveled in interstate commerce from the State of Florida to the State of Oklahoma without updating his sexual offender registration in the State of Florida as required by Florida Statutes. Furthermore, the defendant did not register as a sexual offender in Oklahoma as required by Oklahoma Statutes.

(Doc. #1 at ¶ 3).

Defendant now moves to dismiss the Indictment arguing it neither states an offense nor establishes venue in the Middle District of Florida. (Doc. #17).

## LEGAL STANDARD

The principles governing the sufficiency of an indictment are well-settled. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "[T]he sufficiency of a criminal indictment is determined from its face." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). "By now, it is axiomatic that an indictment is sufficient if it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Woodruff*, 296 F.3d 1041, 1045 (11th Cir. 2002) (citation omitted). It is generally sufficient that an indictment "charges in the language of the statute." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). But, an indictment that tracks the language of the statute will nonetheless be defective if it fails to

2

apprise the defendant with reasonable certainty of the nature of the accusation. *See Sharpe*, 438 F.3d at 1263.

## DISCUSSION

SORNA makes it a federal crime for certain sex offenders to "knowingly fail[ ] to register or update a registration." 18 U.S.C. § 2250(a). Under SORNA, a sex offender must register, and keep the registration current, in each State where he "resides." 42 U.S.C. § 16913(a). If an offender moves to a different state, the law requires him to, "not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes" to required information." 42 U.S.C. § 16913(c). Thus, "[a] sex offender is required to notify only one 'jurisdiction involved'; that jurisdiction must then notify a list of interested parties, including the other jurisdictions." *Nichols v. United States*, 136 S. Ct. 1113, 1116 (2016) (citing 42 U.S.C. §§ 16921(b)(1)-(7)).

Here, Defendant moves to dismiss the Indictment because SORNA did not require him to update his registration in Florida after he moved to Oklahoma. (Doc. #17; Doc. #25). He specifically takes issue with the Indictment charging that he did not register and update a registration – "in Lee County, in the Middle District of Florida" – as SORNA requires. (Doc. #25 (citing Doc. #1 at ¶ 4)). The problem, according to Defendant, is that "even if all of the facts set forth by the Government in the Indictment are true, the Government has not alleged a crime that occurred in the Middle District of Florida." Defendant bases his argument on the Supreme Court's recent decision in *Nichols v. United States*, 136 S. Ct. 1113 (2016).

In *Nichols*, the defendant was a registered sex offender who moved from Kansas to the Philippines without notifying Kansas authorities of his change in residence. For that omission, he was charged in Kansas with failing to update his sex-offender registration in violation of 18 U.S.C. § 2250(a). After he unsuccessfully moved to dismiss the indictment on the ground that SORNA did not require him to update his registration in Kansas, defendant conditionally pleaded guilty, reserving his right to appeal the denial of his motion. The Tenth Circuit Court of Appeals affirmed his conviction, holding that "when a sex offender leaves a residence in a state, and then leaves the state entirely, that state remains a jurisdiction involved under § 16913." *Nichols*, 136 S. Ct. at 1117 (internal quotations omitted). The Supreme Court granted certiorari to resolve a circuit split on the issue of "whether the State a sex offender leaves – that is, the State where he formerly resided – qualifies as an 'involved' jurisdiction under § 16913." *Id.* at 1116.[2] The Court ultimately held that SORNA did not require the defendant to update his registration in Kansas once he departed the state.

In reaching this decision, the Supreme Court found it critical that § 16913(a) used only the present tense, namely "resides." *Id.* at 1117.

> A person who moves from [Kansas] to [the Philippines] no longer 'resides' (present tense) in Kansas; although he once *resided* in Kansas, after his move he 'resides' in the Philippines. It follows that once [defendant] moved to Manila, he was no longer required to appear in person in Kansas to update his registration, for Kansas was no longer a 'jurisdiction involved pursuant to subsection (a)' of § 16913.

---

[2] The Tenth Circuit's decision "reentrenched a split created by the Eighth Circuit's decision in *United States v. Lunsford*, 725 F.3d 859 (2013)," in which that court held that "a sex offender is required to keep the registration current in the jurisdiction where he resides, not a jurisdiction where he resided." *Nichols*, 136 S. Ct. at 1118 (internal quotations omitted).

4

*Id.* The Supreme Court also noted that § 16913(c)'s requirement that a defendant appear in person and register "not later than 3 days *after* each change of . . . residence" pointed to the same conclusion because "[defendant] could not have appeared in person in Kansas 'after' leaving the State." *Id.* at 1117-18. Finally, it noted that Congress could have chosen to require a sex offender to de-register in the departure jurisdiction but that it did not. *Id.* at 1118.

Because of *Nichols*' clear holding, the Indictment must be dismissed. The Indictment contends, "[D]efendant left his residence in Lee County, Florida and traveled in interstate commerce from the State of Florida to the State of Oklahoma *without updating his sexual offender registration in the State of Florida as required by Florida Statutes.*" (Doc. #1 at ¶ 3) (emphasis added). This language cannot stand under *Nichols*. The moment Defendant left Florida, he was not in violation of SORNA because the law provided him a three-day window to inform Oklahoma of his change of residence. Once that three-day window expired, Defendant resided in Oklahoma and was no longer a resident of Florida. Thus, the only "jurisdiction involved" where he was required to register was Oklahoma.

The Government argues that it has sufficiently stated a claim because the Indictment closely tracks the language in SORNA and states the time and place of the alleged crime. (Doc. #22 at 6). This argument misses the issue. As stated, the charging language of Indictment provides Defendant "did knowingly fail to . . . update a registration as required by [SORNA]." (Doc. #1 at ¶ 4). This language, read in conjunction with the language that Defendant did not update his sexual offender registration in Florida, suggests, at a minimum, that the Government is charging Defendant for his failure to

register in Florida. Thus, it does not matter that the Government tracked the statute because SORNA did not require Defendant to update his registration in Florida once he no longer resided there. Consequently, the Court will grant Defendant's motion to dismiss.

In reaching this conclusion, the undersigned echoes the Supreme Court's mindfulness of SORNA's purpose, which was to "make more uniform what had remained a patchwork of federal and 50 individual state registration systems, with loopholes and deficiencies that had resulted in an estimated 100,000 sex offenders becoming missing or lost." *Nichols,* 136 S. Ct. at 1119 (internal quotations omitted). Defendant's alleged violation of SORNA comes from his failure to register in Oklahoma alone, and any failure on his part to update his registration in Florida violates Florida law, not SORNA. *See* Fla. Stat. § 943.0435. Consequently, dismissing the Indictment under the facts of this case contravenes neither SORNA's purpose, nor "create[s] loopholes and deficiencies in SORNA's nationwide sex-offender registration scheme." *Nichols,* 136 S. Ct. at 1119 (internal quotations omitted).

Accordingly, it is now

**ORDERED:**

(1) Defendant Dominique Alexander Davis' Motion to Dismiss Because the Sex Offender Registration and Notification Act Did Not Require Mr. Davis to Update His Registration in Florida or, in the Alternative, for Improper Venue (Doc. #17) is **GRANTED**. Count One of the Indictment (Doc. #1) is **DISMISSED**.

(2) In light of this Order, the Court **DENIES without prejudice** the Motion to Withdraw (Doc. #30).

**DONE AND ORDERED** at Fort Myers, Florida, this 22nd day of November, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record